**David L. GEORGE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00006–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 21, 1999.

Decided Oct. 27, 1999.

William Joseph Huddleston, Marshall, for appellant.

Todd E. Fitts, Asst. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

GRANT, Justice.

David L. George appeals from his conviction of criminal trespass, a Class B misdemeanor. Following a bench trial, George was sentenced to 4,380 hours in jail [180 days] and assessed a $2,000 fine. George now appeals, contending that the trial court erred in allowing him to act as his own attorney without first obtaining a valid waiver of the right to assistance of counsel. George was arrested on May 26, 1998, and charged with criminal trespass and theft. On July 21, 1998, George signed a form containing the numbers of both prosecutions entitled "Waiver of Rights and Plea of Not Guilty." The only reference to counsel in this document is the following paragraph:

> I have no lawyer, and have been told by the Judge that if I make an application for a Court appointed lawyer and show that I am too poor to employ a lawyer, a lawyer will be appointed for me in this case.

The document closes with the following signed statement of the trial judge:

> The foregoing waivers were presented to the Court on the 21[st] day of July, 1998, and the Court having considered in open Court the age, experience, education, occupation, appearance, demeanor, and previous court experience of the Defendant, finds that the waivers are knowingly and voluntarily executed and are approved, granted and filed in this proceeding.

A bench trial was held on September 11, 1998. George represented himself, and the record is devoid of any inquiry by the trial court into George's waiver of counsel or his understanding of the dangers of self-representation. George was subsequently found guilty by the trial court and sentenced.

George filed a motion for new trial contending that he did not knowingly and intelligently waive his right to counsel; the trial court failed to inquire into his indigency; and the trial court failed to warn him of the dangers and disadvantages of self-representation. At the hearing on his motion for new trial, George testified that he did not have any assets other than a few items of personal property at the time of trial. He also testified that he was never advised by the trial court that, if he proceeded pro se, he would be held to the same rules of procedure and evidence as

an attorney in a criminal trial. George testified that he was not advised regarding the range of punishment for the offense for which he was charged. George did admit that his signature was affixed to the Waiver of Rights and Plea of Not Guilty form. He also admitted that he never asked for an attorney.

The trial court overruled the motion for new trial. Within the order, the trial judge stated:

> [The trial court] warned all persons present each docket call at which Mr. George admittedly appeared by making an announcement to all present that they would be at a serious disadvantage if they choose to represent themselves; if they chose to contest the charges brought against them, they should hire a lawyer....

On appeal, George contends that the trial court failed to make the proper inquiry into whether his waiver of the right to counsel was made knowingly and intelligently. The issue is whether the statement by the trial court concerning a blanket warning made to all persons at every docket call is sufficient to meet the requirements mandated by the United States Supreme Court twenty-four years ago,[1] and which have since been repeatedly used by the Court of Criminal Appeals,[2] in determining whether the record reflects an effective waiver of counsel.

■ The Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right to counsel may be waived and the defendant may choose to represent himself at trial. *Faretta v. California*, 422

U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, as the United States Supreme Court stated in *Faretta,*

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forgo those relinquished benefits.[3]

In *Oliver v. State*, 872 S.W.2d 713 (Tex. Crim.App.1994) the Court of Criminal Appeals said,

> [I]t is essential that no criminal defendant be subjected to formal adversarial judicial proceedings without a lawyer unless there is a basis for concluding that he knowingly, voluntarily, and intelligently relinquished or abandoned his right to the assistance of counsel.[4]

■ A waiver of the right to counsel will not be "lightly inferred," and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Jordan v. State*, 571 S.W.2d 883, 884 (Tex. Crim.App.1978). The prosecution has a heavy burden to demonstrate that a waiver of constitutional rights was made intelligently, knowingly, and voluntarily, particularly when that right was the right to counsel. *Geeslin v. State*, 600 S.W.2d 309, 313 (Tex.Crim.App. [Panel Op.] 1980).

In determining whether a valid waiver of counsel has been made, *Faretta* requires that (1) the appellant must make a knowing and intelligent waiver; and (2) the appellant must be made aware of the dangers and disadvantages of self-representation. Tex.Code Crim. Proc. Ann. art. 1.051

---

1. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

2. *Faretta* was analyzed and its precepts applied by the Court of Criminal Appeals as early as *Webb v. State*, 533 S.W.2d 780 (Tex. Crim.App.1976).

3. *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525.

4. *Oliver v. State*, 872 S.W.2d 713, 715 (Tex. Crim.App.1994).

(Vernon Supp.1999); *see also Geeslin*, 600 S.W.2d at 313.

■ To decide whether a defendant's waiver is knowing and intelligent, the court must make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. *Geeslin*, 600 S.W.2d at 313; *see also Archie v. State*, 799 S.W.2d 340, 344 (Tex.App.-Houston [14th Dist.] 1990), *aff'd*, 816 S.W.2d 424 (Tex.Crim.App.1991).

■ It is clear that the trial judge must actively examine the defendant and the circumstances under which the waiver is made. Anything short of such an active pursuit into the intelligent and knowing aspects of the waiver will not meet the burden placed upon the court in such a situation. This must require the trial judge to do more than simply hand out a standardized "form waiver" to be read and signed by the defendant. Compliance with instructions to read and sign a waiver tells the court nothing about whether the defendant has the capacity to understand the consequences of such a waiver. *See Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948) ("the asking of several standard questions followed by the signing of a standard written waiver of counsel-may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel").

■ The record in this case does not show that the trial court took any action to assess George's ability to make a knowing and intelligent waiver. Further, the record fails to show that the trial court specifically discussed the pitfalls and dangers of self-representation with George in such a manner as to permit the trial court to make an informed decision on whether the waiver was valid. Indeed, the form waiver which the court provided for George to sign did not even purport to admonish him of his right to counsel or about the dangers of self-representation. It only reiterated the statement that an indigent accused has a right to appointed counsel. It in no manner showed an intelligent and knowing waiver of counsel.

Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which must show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim.App.1992), *quoting Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

The absence of any evidence that proper admonishments and warnings were given to the defendant, combined with the complete absence in the record of any indication that the trial court took any action that could permit it to decide whether the defendant was intelligently and knowingly waiving his right to counsel, entirely fails to meet the requirements set out by the Supreme Court. *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525; *Johnson v. State*, 760 S.W.2d 277, 279 (Tex.Crim.App.1988).

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.