Lawrence HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00253–CR.

Court of Appeals of Texas,
Texarkana.

Argued Jan. 13, 2000.

Decided Jan. 26, 2000.

Hugh P. Taylor, Marshall, for appellant.

Richard Berry, Jr., Crim. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice ROSS.

Lawrence Henderson appeals from a conviction for the offense of deadly conduct, a Class A misdemeanor. Henderson pled not guilty and represented himself in a trial before the court. During the course of the trial, the State called three witnesses to the stand, one of which was Henderson. Henderson called no witnesses. The court found him guilty and sentenced him to 8,760 hours in jail and a $4,000.00 fine.

Henderson appeals, contending that: (1) he was denied assistance of counsel; (2) he was compelled to testify against himself; (3) his sentence is not authorized by law; (4) the judgment is void; and (5) his trial was offensive to common and fundamental ideas of fairness, in violation of his right to due process of law.

On May 3, 1998, Henderson was in a house with his girlfriend, LaTreace Walker. He testified that he and Walker were struggling with a gun because he thought someone was trying to break into the house. He claims that Walker told him not to pick up the weapon, and that when he did, she attempted to take it away from him. A struggle for the gun ensued, and Henderson testified that the gun just went off during this struggle.

Walker, on the other hand, testified that Henderson pointed the gun at her and told her that he was going to kill her. She claims that they began fighting for control of the gun, and that during this process she was grabbing for the weapon. Walker testified that the last time she grabbed for the gun it ended up by her side, and Henderson pulled the trigger. The gun went off just inches from her body, and the bullet hit the wall. Walker called 9–1–1, and the police were dispatched to the house. Walker gave a sworn statement to the police regarding what occurred that evening, and she also signed a Family Violence Prevention Notice.

■ Henderson first contends he was denied assistance of counsel. He signed a form entitled Waiver of Rights and Plea of Not Guilty. This form states that he is aware that he has no lawyer and that he has been told by the judge that if he makes an application for a court-appointed lawyer, and shows that he is poor enough to qualify, a lawyer will be appointed to him. It also states that Henderson had only nine years of education, but that he reads and understands the English language. Finally, the form states that:

[T]he Court having considered in open Court the age, experience, education, occupation, appearance, demeanor, and previous court experience of the Defendant, finds that the waivers are knowingly and voluntarily executed and are approved, granted and filed in this proceeding.

The trial before the court was held almost two months after Henderson signed this waiver form, and Henderson purported to represent himself at that trial. There was no mention on the record that Henderson intended to waive his right to an attorney, nor was there any record that the court warned and admonished him concerning the dangers of self-representation. The State argues that the waiver form is a sufficient record that Henderson did in fact voluntarily and intelligently waive his right to an attorney.

■■ The Sixth Amendment to the United States Constitution, and Article I, § 10 of the Texas Constitution, state that a defendant in a criminal trial has the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. It is the trial judge's duty to examine the defendant and determine whether he is fully aware of this right, and to determine whether he is eligible for the appointment of an attorney. *Oliver v. State,* 872 S.W.2d 713, 716 (Tex.Crim.App.1994).

■■ Although the right to counsel may not be forfeited, it may be waived as long as such affirmative waiver is made both knowingly and intelligently. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Oliver,* 872 S.W.2d at 715. In order for this decision to be made knowingly and intelligently, the defendant must be given a full understanding of the right to counsel and he must be admonished on the dangers and disadvantages of self-representation. *Collier v. State,* 959 S.W.2d 621, 626 (Tex.Crim.App. 1997), *citing Faretta,* 422 U.S. at 834–36, 95 S.Ct. 2525. This admonishment must be on the record.

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which must show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.

*Goffney v. State,* 843 S.W.2d 583, 585 (Tex. Crim.App.1992), *quoting Carnley v. Coch-* *ran,* 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70, 77 (1962). Additionally, since this is such an important constitutional right, courts are to indulge every reasonable presumption against waiver. *Thomas v. State,* 550 S.W.2d 64, 67 (Tex.Crim. App.1977), *citing Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In this case, the only evidence of a knowing and intelligent waiver is the standard waiver form, which Henderson signed nearly two months before trial. There is no record of the court advising Henderson of his right to representation or on the severe disadvantages of proceeding pro se, either at the time the waiver was signed or at the time of trial. This type of waiver will not suffice. *See George v. State,* 9 S.W.3d 234 (Tex.App.-Texarkana Oct.27, 1999, no pet. h.). In the *George* case, we addressed this exact issue. We found that:

> [T]he trial judge must actively examine the defendant and the circumstances under which the waiver is made. Anything short of such an active pursuit into the intelligent and knowing aspects of the waiver will not meet the burden placed upon the court in such a situation. This must require the trial judge to do more than simply hand out a standardized "form waiver" to be read and signed by the defendant.

*Id.* at 236.

This point of error is sustained.

■■ Henderson also complains that he was compelled to testify against himself. The Fifth Amendment to the Constitution of the United States, extended to the states through the Fourteenth Amendment, provides that no person shall be compelled in any criminal case to give testimony against himself. U.S. CONST. amends. V, XIV. The Texas Constitution also provides the accused in criminal prosecutions with this right against self-incrimination. *See* TEX. CONST. art. I, § 10.

Henderson was called to testify by the State during its case in chief. Before Henderson took the stand, the following exchange took place:

THE COURT: Mr. Henderson, you understand you have a right not to testify if you choose, but if you want to give up your right not to testify, then you certainly are free to answer any questions that Mr. Phillips [the prosecutor] has for you. Do you understand that?

[HENDERSON]: Testify against what?

THE COURT: Against yourself. You don't have to testify.

[HENDERSON]: Okay then.

THE COURT: You want to testify?

[HENDERSON]: There's nothing else to be said.

THE COURT: You don't want to testify against yourself?

[HENDERSON]: Yes. I want to testify on my statement about what happened.

THE COURT: Now, if you want to do that, you are going [to] have to answer his questions. Okay?

[HENDERSON]: Okay.

THE COURT: Have a seat.

While no Texas court has addressed this specific issue, it is clear that calling Henderson to the stand, during the State's case in chief, is a violation of his right not to be compelled to testify against himself. The State concedes this point in its brief. The State argues, however, that Henderson waived his right not to testify.

The right against self-incrimination can be waived, as long as it is done "knowingly, voluntarily and intelligently." *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim.App.1981). Here, the State called Henderson to the stand, and the trial court, after advising him of his right not to testify, further told him that if he wanted to testify about what happened, he had to answer the prosecutor's questions. Because the State called Henderson as a witness at the presentation of the State's case in chief, the court's statement that he had to answer the prosecutor's questions was an incorrect and misleading statement which compelled Henderson to testify on behalf of the State at the presentation of its case in chief.

Waiver is not voluntary if the defendant is physically or mentally compelled to testify. *Flemming v. State*, 949 S.W.2d 876, 879 (Tex.App.-Houston [14th Dist.] 1997, no writ). Mental compulsion makes a waiver involuntary because it takes away the defendant's choice to testify and uses intimidation, coercion, or deception to compel the defendant to testify. *Id.citing Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410, 421 (1986). Here, the trial court's incorrect and misleading statement to Henderson compelled him to testify against himself at the presentation of the State's case in chief. Therefore, this waiver is not sufficient because it was not made "knowingly, voluntarily and intelligently."

The State further argues that Henderson waived the right to bring this error on appeal since he failed to make a timely objection. However, since Henderson was not properly admonished on the dangers of self-representation, we cannot say that he was competent to represent himself and should not be faulted for failing to make a timely objection. This point of error is sustained.

Based on our disposition of Henderson's first two points of error, it is not necessary to consider his other two points. The judgment is reversed, and the case is remanded for a new trial consistent with this opinion.