Freddie M. HATTEN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00168–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 23, 2000.

Decided Oct. 24, 2000.

Vernard G. Solomon, Marshall, for appellant.

Richard Berry, Jr., Crim. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Freddie Hatten appeals from the revocation of his community supervision. In September 1997, Hatten pleaded guilty to misdemeanor assault. The trial court assessed his punishment at 365 days' confinement and a $4,000.00 fine, but placed him on twenty-four months' community supervision and assessed a $250.00 fine.

In June 1999, the State moved to revoke Hatten's community supervision. The trial court held a hearing, at which Hatten appeared without an attorney. Hatten signed an "Explanation of Revocation Rights Application to Proceed," in which he indicated that he waived his right to an attorney and his right to a hearing, and pleaded true to the State's allegations. The trial court found the State's allegations true, revoked Hatten's community supervision, and imposed the original sentence.

Hatten first contends the trial court erred by failing to suspend his sentence before placing him on community supervision. Such failure, Hatten contends, means he has already served the 365 days to which he was originally sentenced. Community supervision involves placing the defendant into a system of programs and sanctions for a certain time and under certain conditions imposed by the court, during which "a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and *the imposition of sentence is suspended in whole or in part.*" TEX.CODE CRIM.PROC. ANN. art. 42.12, § 2(2)(B) (Vernon Supp. 2000) (emphasis added). After a conviction or guilty plea, a judge "may suspend the imposition of the sentence and place the defendant on community supervision."

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3(a) (Vernon Supp.2000).

■ The question before us is whether the trial court must, in its judgment or otherwise, affirmatively suspend the sentence before placing the defendant on community supervision, or whether its order placing the defendant on community supervision operates to suspend the sentence. Hatten contends the former; the State contends the latter. We agree with the State.

In *Wiltz v. State*, 863 S.W.2d 463, 465 (Tex.Crim.App.1993), the Court of Criminal Appeals stated, "The order granting probation suspends the imposition of sentence until the probationer violates the terms of his probation or successfully completes the probationary period." There the court was engaged in evaluating whether a ten year sentence with probation is more severe than five years' straight time for purposes of determining whether a defendant who had successfully appealed his first conviction was sentenced vindictively after being retried and convicted. *Id.* at 464.

"The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law ." TEX.CODE CRIM.PROC.ANN. art. 42.02 (Vernon Supp.2000). In *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984), the appellant argued that the trial court's statement—made before it placed the defendant on community supervision—that the defendant's sentences for three separate convictions would run concurrently required the trial court to give him concurrent sentences when it revoked his community supervision. The Court of Criminal Appeals held that the trial court's statement was superfluous because the imposition of the sentence is suspended when community supervision is granted, and the sentence is not imposed until community supervision is revoked.

The judgment in this case reads in part:

The Court . . . assesses punishment in this cause at:

A fine of $4,000, plus costs, and 365 days in jail, with credit for time served, and the Defendant, having made his sworn application for probation, and the Court being of the opinion that probation should be granted.

**IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED** that the defendant is hereby placed on active probation for a period of 24 months from date, upon the payment of $250, plus costs, if any, and shall observe the following terms and conditions of probation . . . .

The trial court's judgment does not purport to impose its prescribed punishment on Hatten; rather, the language effectuating its judgment places Hatten on community supervision for a period of twenty-four months. The effect of the trial court's judgment is to suspend imposition of the 365 days' confinement and $4,000.00 fine in favor of twenty-four months' community supervision.

■ Hatten next contends he was denied the assistance of counsel at his revocation hearing. As mentioned previously, Hatten signed an "Explanation of Revocation Rights Application to Proceed" in which he waived his right to an attorney and his right to a hearing, and pleaded true to the State's allegations. At the hearing on revocation, the trial court discussed with Hatten his decision to waive his right to a hearing and his decision to plead true to the State's allegations. The trial court did not discuss Hatten's decision to waive his right to an attorney. The judgment recites that Hatten "appeared in person, without an attorney," and "[t]he Court admonished [him] regarding the written waiver."

Hatten's contention is based on two cases in which we held a similar procedure violated the defendants' right to the assistance of counsel where the record did not

reflect that the defendants knowingly and intelligently waived their right to counsel. *See Henderson v. State*, 13 S.W.3d 107, 109 (Tex.App.—Texarkana 2000, no pet.); *George v. State*, 9 S.W.3d 234, 236 (Tex. App.—Texarkana 1999, no pet.). These cases involved the defendants' waiver of counsel at trial, where the right to counsel and the effective assistance of counsel are firmly established. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963).

 This case is different because it involves a hearing on revocation. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the trial court to determine the defendant's right to counsel at a revocation hearing on a case-by-case basis. *Gagnon v. Scarpelli*, 411 U.S. 778, 787–88, 93 S.Ct. 1756, 36 L.Ed.2d 656, 664–65 (1973). The Texas Court of Criminal Appeals has distinguished *Gagnon* because Texas employs a combined revocation and sentencing procedure in which revocation precedes imposition of sentence. *Ex parte Shivers*, 501 S.W.2d 898, 900–01 (Tex.Crim.App.1973). Texas' system makes revocation part of the criminal trial, rather than an administrative proceeding, meaning the defendant has a Sixth Amendment right to counsel. *Parker v. State*, 545 S.W.2d 151, 155 (Tex.Crim.App.1977); *see also Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336, 342 (1967); *Ex parte Shivers*, 501 S.W.2d at 900–01. The defendant also has a right to counsel at a revocation proceeding under Article I, § 10 of the Texas Constitution.[1] *Parker v. State*, 545 S.W.2d at 155.

The defendant may, of course, waive these rights if the waiver is done knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct.

2525, 45 L.Ed.2d 562, 581 (1975); *Lugaro v.. State*, 904 S.W.2d 842, 843 (Tex.App.—Corpus Christi 1995, no pet .); *Bell v. State*, 774 S.W.2d 371, 377 (Tex.App.—Austin 1989, pet. ref'd). The defendant must be given a full understanding of the right to counsel, and he must be admonished on the dangers and disadvantages of self-representation. *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. 2525; *Collier v. State*, 959 S.W.2d 621, 626 (Tex.Crim.App. 1997). The admonishment must be on the record. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim.App.1992); *Hencey v. State*, 904 S.W.2d 160, 161 (Tex.App.—San Antonio 1995, no pet.).

The judgment here recites that Hatten was admonished, but the record reflects that the trial court wholly failed to adequately inform Hatten on the record of his right to counsel and the dangers and disadvantages of self-representation. The only evidence of a knowing and intelligent waiver is the waiver form Hatten signed. This kind of waiver is inadequate. *Henderson v. State*, 13 S.W.3d at 109; *George v. State*, 9 S.W.3d at 236.

For the reasons stated, we reverse the trial court's judgment and remand the case to that court for a new hearing on the motion to revoke.

---

1. In Texas, a defendant has a statutory right to counsel at a hearing on revocation. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 21(d) (Vernon Supp.2000). Hatten does not assert that right before this Court, and we do not consider it.