Freddie M. HATTEN, Jr., Appellant,

v.

The STATE of Texas.

No. 2042–00.

Court of Criminal Appeals of Texas.

March 13, 2002.

Vernard G. Solomon, Marshall, for Appellant.

Betty Marshall, Asst. St. Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

The appellant plead guilty to misdemeanor assault and was sentenced to 365 days confinement and a $4,000.00 fine by the trial court, and was later placed on community supervision. On the State's motion, the trial court revoked the appellant's community supervision and imposed his original sentence. The appellant appealed the revocation. The Court of Appeals reversed the trial court's decision, finding that the appellant was not informed of his right to counsel and the dangers and disadvantages of self-representation on the record at revocation. It further found that the only evidence of a knowing and intelligent waiver was the written form signed by the appellant. The Court of Appeals determined this kind of waiver to be inadequate. *Hatten v. State,* 32 S.W.3d 868, 871 (Tex.App.-Texarkana 2000). We granted the State Prosecuting Attorney's petition to review whether the Court of Appeals erred in these findings when the appellant plead true to the State's allegations in its motion to revoke his community supervision. We reverse and remand the judgment of the Court of Appeals.

The appellant was originally sentenced on his plea of guilty in September 1997. In June 1999 the State filed a motion to revoke the appellant's community supervision alleging that he failed to pay his supervision fee for eleven months and that he tested positive for cocaine use. At a hearing on August 17, 1999, the appellant signed an "Explanation of Revocation Rights Application to Proceed" form in which he stated that he was appearing without an attorney, that he "freely, intelligently and voluntarily" waived his right to an attorney, and that he was entering a plea of "true" to the allegations. The trial court discussed with appellant his decision to waive his right to a hearing and his decision to plead true to the State's allegations but not the appellant's waiver of his right to an attorney. The judgment reflects that the court admonished the appellant regarding the written waiver. Stating that the appellant appeared to him "to be thinking clearly," the trial court approved the appellant's "giving up" of his rights and accepted the appellant's plea. The court then ordered that the original sentence be imposed.

 A criminal defendant has a right to the assistance of counsel in state court, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).[1] Concomitant with the right to counsel is the right to waive counsel and to represent one's self. *See Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made "knowingly and intelligently" and he should be warned of the "dangers and disadvantages" accompanying such waiver. *See Faretta,* 422 U.S. at 835–836.

On appeal of the trial court ruling, the appellant argued that he was denied effective assistance of counsel during his revocation hearing because his waiver of right to counsel was not knowingly and intelligently made and because he was not ad-

---

1. In Texas, the defendant has a right to be represented by counsel at a probation revocation hearing. *Ruedas v. State,* 586 S.W.2d 520 (Tex.Crim.App.1979); *Ex parte Shivers,* 501 S.W.2d 898 (Tex.Crim.App.1973); *Parker v. State,* 545 S.W.2d 151 (Tex.Crim.App.1977).

monished on the dangers and disadvantages of self-representation. The Court of Appeals agreed, citing *Henderson v. State,* 13 S.W.3d 107 (Tex.App.-Texarkana 2000, *no pet.*), and *George v. State,* 9 S.W.3d 234 (Tex.App.-Texarkana 1999, *no pet.*), for the proposition that giving *Faretta* admonishments must be part of the determination of a valid waiver of right to counsel. *See Henderson,* 13 S.W.3d at 109; and *George,* 9 S.W.3d at 237. The Court further referenced this Court's decision in *Goffney v. State* requiring the admonishments to be on the record. *Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Crim.App.1992).

■ While both the appellant and the Court of Appeals set out the proper law regarding waiver of counsel and self-representation, they omit an important distinction in Texas criminal jurisprudence that must be drawn. In *Goffney, Henderson,* and *George,* the defendants contested their guilt. *See Goffney,* 843 S.W.2d at 584; *Henderson,* 13 S.W.3d at 108; *George,* 9 S.W.3d at 235. In *Johnson v. State,* 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (Op. on reh'g), this court determined that *Faretta* is triggered when a defendant appears without an attorney to contest his guilt, but it is not triggered when a defendant appears without an attorney to plead guilty or *nolo contendere.*[2] *See also Garcia v. State,* 909 S.W.2d 563, 564–565 (Tex. App.-Corpus Christi 1995, pet. ref'd) (*Johnson* followed where defendant plead guilty as part of a plea bargain.); *Barras v. State,* 902 S.W.2d 178, 179–180 (Tex. App.-El Paso 1995, pet. ref'd) (*Johnson*

followed where defendant plead guilty.); *Blocker v. State,* 889 S.W.2d 506, 507–508 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd) (*Johnson* followed where defendant plead "true" to State's allegation that he violated probation and was guilty of a subsequent crime.); *State v. Finstad,* 866 S.W.2d 815, 816 (Tex.App.-Waco 1993, pet. ref'd) (citing Cooper and *Johnson,* where defendant moved to quash an indictment predicated on two prior convictions to which he plead guilty); *Cooper v. State,* 854 S.W.2d 303 (Tex.App.-Austin 1993, no pet.) (*Johnson* followed where defendant plead no contest).

■ Here, appellant did not contest his guilt, therefore "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation (pursuant to *Faretta* ), but rather whether there was a knowing, voluntary, and intelligent waiver of counsel." *See Johnson,* 614 S.W.2d at 119. The appellant acknowledges the decision in *Johnson* and the line of cases which follow it and invites this Court to revisit and reverse them. We decline to do so. We therefore hold that *Johnson* and its progeny were correctly decided and are applicable to the case before us. The requirements of *Faretta* are not invoked by a misdemeanor defendant who waives his right to representation by counsel and does not contest his guilt.

■ What remains to be decided, however, is whether the waiver of right to counsel was knowing, intelligent and voluntary. That is a separate issue apart from

---

2. When a defendant enters a plea of "true" to an allegation of having violated a condition of community supervision, he is not contesting his guilt. *See Davis v. State,* 429 S.W.2d 895, 896 (Tex.Crim.App.1968) (where the defendant was asked to plead "true or false" to enhancement paragraphs at punishment, we held that "Whether the plea entered . . . to the allegations as to prior convictions was 'not

guilty' or 'untrue' is not material, though a plea that the allegations are 'true' or 'untrue' would seem more appropriate . . ."); *see also Campbell v. State,* 456 S.W.2d 918, 920 n. 4 (Tex.Crim.App.1970) (applying *Davis'* "not material" distinction between pleas of "guilty" or "not guilty" and "true" or "untrue" in the context of a probation revocation hearing).

the entitlement to admonishments under *Faretta.* The judgment of the Court of Appeals is reversed and the case remanded there to determine if the appellant voluntarily and intelligently waived his right to counsel under state law, absent *Faretta* considerations.

JOHNSON, J., filed a concurring opinion.

PRICE, J., filed a dissenting opinion.

JOHNSON, J., filed a concurring opinion.

Based on the ground for review presented to this Court,[1] I concur in the remand to the court of appeals for consideration of the validity of waiver of counsel. However, I have concerns about the breadth of the decision we make today, as we make no differentiation between felonies and misdemeanors or between original pleas and revocation hearings, nor do we take into account the differing characteristics of defendants.

I fervently hope that, after *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), no trial court at any level would permit a defendant to represent himself at trial on a plea of not guilty without thorough questioning to determine ability to conduct a defense and admonishing the defendant as to the pitfalls of self-representation, or appointing counsel to explore those topics with the defendant. My unease is with the holding here, pursuant to *Johnson v. State,* 614 S.W.2d 116 (Tex.Crim.App.1981), that restricts those safeguards to those who choose to contest guilt. Whether couched in terms of "not guilty" or "not true," the decision whether to contest guilt is often one that is better made with the assistance of counsel. It is therefore incumbent upon the judicial system to ensure that the decision to forego counsel is made based upon sufficient information and understanding. Texas grants to defendants the right to have counsel at revocation hearings. That right is no less important when the defendant chooses not to contest guilt than when he does, and the importance increases as the potential sentence increases.

The charged offense in the case before us is a misdemeanor. We have previously held that admonishments as to deportation consequences must be given on felony offenses, but not on misdemeanors. *State v. Jimenez,* 987 S.W.2d 886 (Tex.Crim.App. 1999). These admonishments must be given on a plea of guilty as well as on pleas of not guilty. *Carranza v. State,* 980 S.W.2d 653 (Tex.Crim.App.1998). By analogy, we could hold that admonishments on self-representation are required for felonies and appropriate, although not required, for misdemeanors, regardless of the plea.

PRICE, J., filed a dissenting opinion.

We granted review to address the conflict among the courts of appeals on whether admonishments about the dangers of self-representation are required when the defendant pleads guilty. The appellant requests that we review the continuing vitality of *Johnson v. State,* 614 S.W.2d 116 (Tex.Crim.App.1981) (op. on reh'g). The majority declines to review it, and then holds that *Johnson* and its progeny are applicable to this case.

The majority's analysis is incomplete and inadequate. I respectfully dissent.

---

1. "The court of appeals erred in holding that Hatten's waiver of counsel was not knowing and intelligent because the trial court did not admonish him as to the dangers and disadvantages of self-representation before accepting his plea of 'true' to the State's motion to revoke."