IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00133-CR

 

Kesha Latrice Jenkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-01970-CRF-361

 



ABATEMENT ORDER










 

            Kesha Latrice Jenkins was convicted of
robbery and theft in June of 2005.  The Court of Criminal Appeals granted
Jenkins an out-of-time appeal pursuant to her application for writ of habeas
corpus.  Counsel for Jenkins then timely filed a notice of appeal for
Jenkins.

         
Counsel now files a motion to withdraw and for substitution of counsel for
Jenkins and attaches as an exhibit a copy of a grievance filed by Jenkins
against her counsel.  

         
Because counsel is appointed, the trial court must decide whether to allow counsel
to withdraw and whether to allow the substitution of counsel.  See Enriquez
v. State, 999 S.W.2d 906, 907-908 (Tex. App.—Waco 1999, order).  This case
is abated to the trial court to hold a hearing within 30 days from the date of
this order to consider counsel’s motion to withdraw and for substitution and
the appointment of new counsel for Jenkins.  If Jenkins desires to waive
her right to counsel and represent herself on appeal, the waiver should be made
knowingly and intelligently and she should be warned of the dangers and
disadvantages accompanying such waiver.  Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975); Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002).  A waiver of the right to counsel must be in
writing and must substantially comply with article 1.051(g) of the Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005).  

         
Supplemental Clerk’s and Reporter’s Records are ordered to be filed within 45
days from the date of this order.

 

                                                                  
PER CURIAM

Before
Chief Justice Gray,

         
Justice Vance, and

         
Justice Reyna

Appeal
abated

Order
issued and filed November 7, 2007

Do
not publish






uld not have been harmed by
the trial court’s denial of his challenges for cause.

Absent a record revealing trial
counsel’s strategy or motivation, Saiza has not defeated the strong presumption
that trial counsel’s actions fell within the wide range of reasonable
professional assistance.  See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Accordingly, we overrule both of Saiza’s points and affirm the
trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed November 4, 2009

Do
not publish

[CRPM]