IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00156-CR

 

Juan Carrera,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 19509C

 



abatement ORDER










 

            Juan Carrera was adjudicated guilty of
the offense of aggravated sexual assault and sentenced to 5 years in prison. 
Carrera had retained counsel to represent him at the hearing on the State’s
motion to adjudicate.  Carrera is now in prison.  We have received a rather
crude letter from Carrera, without the benefit of an attorney, expressing his
desire to appeal his conviction.  Since receiving the notice of appeal, we have
received the clerk’s record which shows no indication from Carrera that he
wishes to represent himself on appeal.  We have also attempted to acquire a
docketing statement from Carrera, to no avail.  

            Therefore, this appeal is abated to
the trial court to hold a hearing within 30 days from the date of this order to
consider:  1) whether Carrera is indigent and if so, appoint counsel for him,
2) whether to allow Carrera to retain counsel, or 3) whether Carrera may
represent himself on appeal, if he so wishes.  If Carrera wishes to waive his
right to counsel and represent himself on appeal, the waiver should be made
knowingly and intelligently and he should be warned of the dangers and
disadvantages accompanying such waiver.  Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975); Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002).  A waiver of the right to counsel must be in
writing and must substantially comply with article 1.051(g) of the Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005).

            Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days from the date of this order. 

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Opinion
delivered and filed July 23, 2008

Do
not publish






>
       Jeffery Wayne Wheatly is confined in the Hughes Unit of the Department of Corrections
in Coryell County. He was indicted for the offense of Harassment By Persons in Certain
Correctional Facilities, as provided in section 22.11 of the Penal Code. Tex. Pen. Code
Ann. § 22.11 (Vernon Supp. 2004). On his plea of not guilty, a jury found him guilty and
assessed the maximum penalty of twenty years.
      The allegation was that Wheatly, with intent to harass, alarm, and annoy them, caused 
Correctional Officer Birdwell to contact urine and Officer Davis to contact urine and feces. At
trial, each testified about the event alleged. Each was asked about “how he felt” when the
substances were thrown on him. Birdwell testified he was “upset, annoyed, and very furious”
and wanted to get it off as fast as possible. Davis said it was “emotional” and that he “felt
helpless to a certain degree.” Wheatly objected to these questions, but the court allowed the
testimony. On appeal, he says this “victim impact” testimony should not have been allowed
during the guilt-innocence phase of the trial because it was not relevant to any issue.
      A trial court's ruling concerning the admission or exclusion of evidence may not be
disturbed on appeal unless an abuse of discretion is shown. Najar v. State, 74 S.W.3d 82, 86
(Tex. App.—Waco 2002, no pet.). We ask whether the trial judge's decision lies "within the
zone of reasonable disagreement." Id. The trial court must first determine if the evidence is
relevant under Rule 401. Id.; Tex. R. Evid. 401. If so, the evidence is admissible unless
forbidden by a constitutional provision, a statute, or a rule. Id.; Tex. R. Evid. 402.
      As the State points out, proof of “chunking”


 alone does not prove the offense; the offense
is complete only on proof of an “intent to harass and alarm and annoy another person.” A
person’s immediate reaction to an event can be circumstantial evidence of the defendant’s
intent to harass, alarm, and annoy that person; thus, it can be relevant. Tex. R. Evid. 401. If
relevant, the evidence is admissible. Tex. R. Evid. 402. Because Wheatley’s intent is an
element of the offense, we cannot say that the trial judge’s decision to admit evidence of how
the alleged victims felt—at the instance the conduct occurred—is outside the zone of reasonable
disagreement. See Najar, 74 S.W.3d at 86. We overrule the issue.
 

      We affirm the judgment.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed June 23, 2004
Do not publish

[CR25]