IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,944-02






EX PARTE JIMMY L. WAKELAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 32,310-B IN THE 66TH DISTRICT COURT


FROM HILL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere to
aggravated assault with a deadly weapon and the trial court deferred adjudication and sentenced
Applicant to five years' community supervision. Following a hearing on the State's motion to
adjudicate guilt and revoke supervision, Applicant was convicted and sentenced to fifteen years'
imprisonment. The direct appeal to the Tenth Court of Appeals was dismissed on a motion to
withdraw appeal. Wakeland v. State, No. 10-05-00146-CR (Tex. App. - Waco, May 11, 2005). 

 Applicant contends, inter alia, that his plea was involuntary as the result of prosecutorial
misconduct which effectively denied him the assistance of counsel, and the prosecutor's failure to
disclose favorable material evidence. Specifically, Applicant contends that after counsel had been
appointed to represent him, the prosecutor went to the jail to negotiate a plea bargain outside the
presence of, and without the knowledge of, counsel. Applicant contends that the prosecutor told him
that if he pleaded guilty and waived all of his rights, including the right to counsel, Applicant would
be able to leave the jail immediately, but if Applicant did not waive all of his rights and accept the
prosecutor's plea offer, he would have to stay in jail for another year awaiting trial.

 Applicant further contends that at the time the prosecutor went to negotiate with him, the
prosecutor had received information from Applicant's mother, the alleged victim in the case,
indicating that the charged offense had not happened as she had first alleged. Applicant contends
that as a result of the prosecutor's failure to disclose this favorable evidence, Applicant's plea and
his waivers of his right to counsel and other rights were entered unknowingly and involuntarily.

 Applicant has alleged facts that, if true, might entitle him to relief. Hatten v. State, 71
S.W.3d 332 (Tex. Crim. App. 2002). The trial court, the State, and trial counsel may have addressed
Applicant's contentions in other proceedings, but the current habeas record before this Court does
not include the records of such proceedings. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall provide the State and trial counsel
- Ben Aufill, III, and Charles Bradford - with an opportunity to respond to the instant claims. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea and his waiver of counsel were unknowing and involuntary. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
records of prior proceedings raising the instant claims and all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court.




Filed: August 20, 2008

Do not publish