

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-13-00422-CR

**SIMPSON THOMPSON,**

                                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                        **Appellee**

_____

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D34995-CR

_____

## MEMORANDUM OPINION

_____

Simpson Thompson appeals from a conviction for possession of a controlled substance less than one gram.  TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). Thompson complains that the trial court erred by refusing his oral motion for continuance to allow him ten days to prepare for trial and that his waiver of right to counsel was invalid.  Because we find that the waiver of Thompson's right to counsel was invalid, we reverse the judgment and remand this proceeding to the trial court for a new trial.

*Waiver of Right to Counsel*

In his second issue, Thompson complains that his waiver of right to counsel was invalid because the trial court did not properly admonish him prior to the execution of his waiver pursuant to *Faretta v. California*, 422 U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed.2d 562 (1975).

> The Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. However, this right to counsel may be waived, and the defendant may choose to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed.2d 562 (1975). Although the right to self-representation is absolute, a waiver of the right to counsel will not be "lightly inferred," and the courts will indulge every reasonable presumption against the validity of such a waiver. *George v. State*, 9 S.W.3d 234, 236 (Tex. App.—Texarkana 1999, no pet.) (*citing Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938), and *Jordan v. State*, 571 S.W.2d 883, 884 (Tex. Crim. App. 1978)).

> How does a court decide whether a valid waiver of counsel exists? *Faretta* requires that (1) the appellant make a "knowing and intelligent" waiver; and (2) the appellant must be made aware of the "dangers and disadvantages of self-representation." *Id*. (*citing* TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 1999)); *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541. To decide whether a defendant's waiver is knowing and intelligent, the court must make an inquiry, evidenced by the record, which shows that the defendant has sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. *George*, 9 S.W.3d at 237 (*citing Archie v. State*, 799 S.W.2d 340, 344 (Tex. App.—Houston [14th Dist.] 1990), *aff'd*, 816 S.W.2d 424 (Tex. Crim. App. 1991)). The court must determine not only that the defendant wishes to waive his right to counsel, but that he understands the consequences of such waiver. *Id*.

> Although it is not mandatory that the warnings be given in writing, we have previously held that the record must show that the defendant understands the consequences of his waiver. *Goffney v. State*, 812 S.W.2d

351, 352 (Tex. App.—Waco 1991), *aff'd*, 843 S.W.2d 583 (Tex. Crim. App. 1992). It is not enough that the record show conclusions by the trial court that the defendant is aware of the dangers and disadvantages of self-representation.

*Griffith v. State*, No. 10-11-00262-CR, 2013 Tex. App. LEXIS 5200 at * 2-3 (Tex. App.—Waco April 25, 2013, pet. ref'd) (mem. op.) (*citing Manley v. State*, 23 S.W.3d 172, 173-74 (Tex. App.—Waco 2000, pet. ref'd).

*Relevant Facts*

On the day of trial, just prior to the start of voir dire, Thompson made an oral motion to represent himself and asked for time to prepare a defense. The State responded by saying that it was up to the trial court, but that "it's a bad idea."

The trial court then stated to Thompson:

Well, I will allow you to represent yourself, sir. But I want you to understand I'm not giving you a continuance. This case is set for trial today, it's been set for trial today.

I believe that it is a very bad idea for you to represent yourself, but you do have that right, and if you chose to do that, we are going to go forward today, sir.

Thompson's trial counsel then asked the trial court to allow him to withdraw, which the trial court ultimately allowed. Initially the trial court was going to have Thompson's trial counsel to act as standby counsel, but Thompson did not want him to continue in that capacity and the trial counsel stated that he felt that he could not participate in that capacity. Thompson's trial counsel offered to remain in the courtroom to follow the proceedings and to be prepared in case Thompson changed his

mind at some point during the trial; however, the trial court did not allow this. Thompson stated that he felt that given additional time to research he would be able to represent himself at the trial because he felt that his trial counsel was inadequate. The trial court then granted the motion for self-representation but denied Thompson's motion for continuance.

A break was taken for the purpose of having Thompson execute a written waiver of the right to counsel and then the following exchange took place between the trial court and Thompson:

TRIAL COURT: Sir, you've advised the Court that you want to waive your right to counsel, and you're electing to proceed pro se. I'm going to read this Motion for you – or this waiver.

I've been advised, this 12th day of November, 2013, by the Court of my right to representation by counsel in the case pending against me. I have further been advised that if I am unable to afford counsel, one will be appointed for me free of charge, and I have been admonished by the Court about the dangers and disadvantages of representing myself and of the obligations involved.

And Mr. Thompson, I – I did advise you that you're going to be under the same Rules and – and guidelines as an attorney; do you understand that, sir?

THOMPSON: Ma'am, I understand that.

TRIAL COURT: Okay.

THOMPSON: All I ask is for time to prepare for this trial.

TRIAL COURT: And – and I've denied that, sir. Understanding my right to have counsel –

THOMPSON: Well, if you've denied it –

TRIAL COURT:    – appointed – sir, I am talking.

Understanding my right to have counsel appointed for free of charge, if I am not financially able to employ counsel and of the dangers and disadvantages of representing myself, I wish to waive that right and request the Court to proceed with my case without an attorney being appointed for me.  I hereby waive my right to counsel and elect to represent myself.

Is that what you wish to do, sir?

THOMPSON:    Yes.  But I also wish – I – I also wish to have a fair trial – and a chance to have a fair trial instead of being kicked to the side and made to – I would like to take the time to represent myself.  I know I can do it.  I – I did before.

TRIAL COURT:    And I –

THOMPSON:    All I'm asking is give me time to prepare myself for the trial.

TRIAL COURT:    I need you to sign that, sir, if that's what you wish to do.

And I will get you a copy of this in just a second, sir.  And you as well [trial counsel].

And at this time, Mr. Thompson has signed the waiver.  [Trial counsel] are released from the case.  And at this time, that will conclude this hearing.

*Analysis*

The record demonstrates that Thompson was aware that he would have to follow the same rules as an attorney and that representing himself was "a very bad idea," however, that is where the admonishments regarding the dangers and disadvantages of representing himself ended.  The record does not evidence that the

trial court made any attempt to explain why it was a bad idea for Thompson to represent himself. Further, there is nothing in the record to show that the trial court ensured that Thompson was made aware of any specific difficulties he might encounter in representing himself beyond a general recognition that he would have to follow the rules that attorneys are bound to follow. There is nothing in the record to show that Thompson had been provided with an opportunity to review or have access to discovery, and it appears from an exchange at the beginning of voir dire that he did not have that opportunity.

While *Faretta* does not mandate an inquiry concerning the defendant's age, education, background or previous mental health history in every instance where an accused expresses a desire to represent himself, *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982), the record must contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make "an assessment of his knowing exercise of the right to defend himself." *Faretta*, 422 U.S. at 836; *see also Blankenship v. State*, 673 S.W.2d 578, 580 (Tex. Crim. App. 1984).

Because we are required to indulge every reasonable presumption against the validity of a waiver to the right to counsel, and because the record does not demonstrate that the trial court adequately advised Thompson of the dangers and disadvantages of self-representation, we find that the record is inadequate to establish

that Thompson's waiver of right to counsel was knowingly and intelligently made. Because of this, Thompson's waiver was invalid.

## *Harm Analysis*

The complete denial of the right to trial counsel is a structural defect for which prejudice is presumed. *Williams v. State*, 252 S.W.3d 353, 357 (Tex. Crim. App. 2008) (citing Gideon, 372 U.S. at 339-47). The error is therefore not subject to a harm analysis but requires reversal. *Id.* at 357. We sustain Thompson's second issue. Since this error requires that we reverse and remand for a new trial, it is not necessary to address Thompson's first issue regarding the trial court's denial of ten days to prepare for trial.

## *Conclusion*

Because we find that Thompson's waiver of right to counsel was invalid, we reverse the judgment of conviction and remand this proceeding to the trial court for a new trial.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Reversed and remanded
Opinion delivered and filed October 23, 2014
Do not publish
[CR25]

