COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BABATUNDE KAYODE ADIO, | § | No. 08-13-00237-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law # 1 |
| THE STATE OF TEXAS, | § | of Wise County, Texas |
| Appellee. | § | (TC# CR-67925) |
| | § | |

## CONCURRING OPINION

I agree with the majority opinion's conclusion, but write separately to address an important distinction in the law applicable to misdemeanor cases. In 2011, the trial court gave Babatunde Kayode Adio written admonishments regarding his right to be represented by counsel, his right to appointed counsel if he could not afford to hire a lawyer, and his right to represent himself. Additionally, the court warned Appellant about the dangers and disadvantages of self-representation. Appellant signed the form indicating that he wished to waive his right to a lawyer, but he subsequently asked for and was provided with appointed counsel. Appellant was represented by appointed counsel when he entered a negotiated guilty plea to the misdemeanor resisting arrest charge in October of 2011. After the State filed its motion to proceed with an adjudication of guilt in January 2012, Appellant hired an attorney and Abe Factor entered his

appearance in March 2012. Mr. Factor filed a motion to withdraw on November 30, 2012 based on a "conflict of interest" and the trial court granted that motion. The State filed an amended motion to adjudicate on January 29, 2013 and the trial court set the hearing on the motion for July 10, 2013. Although more than seven months had passed since counsel had withdrawn, Appellant still had not retained counsel. According to the comments made by the trial judge at the hearing, Appellant had represented to the court on several occasions that he was going to enter a plea of true to the motion to adjudicate and the court had set the case for a plea, but Appellant had not entered a plea and the case had been repeatedly re-set.

The Court of Criminal Appeals made clear in *Hatten v. State* that the admonishment requirements of *Faretta v. California*[1] are not invoked by a misdemeanor defendant who waives his right to representation by counsel and does not contest his guilt. *Hatten v. State*, 71 S.W.3d 332, 334 (Tex.Crim.App. 2002). In such a case, "the issue is not whether the trial court admonished the accused of the dangers and disadvantages of self-representation (pursuant to *Faretta*), but rather whether there was a knowing, voluntary, and intelligent waiver of counsel." *Hatten*, 71 S.W.3d at 334, *quoting Johnson v. State*, 614 S.W.2d 116, 119 (Tex.Crim.App. 1981)(op. on reh'g).

The record before us reflects that Appellant initially entered a plea of true to one allegation at the beginning of the hearing, but after some discussion with Appellant the trial court entered a plea of not true as to all of the allegations and the State introduced evidence in support of its motion.[2] Once that plea of not true occurred, the trial court was required to determine

---

[1] *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

[2] When asked whether he pled true or not true to the allegations, Appellant stated: "Sir, in everything the only ones [sic] that was true is that I picked up a new charge in Tarrant County." The motion to adjudicate alleged that Appellant violated the terms and conditions of community supervision by committing the offense of assault/family violence on December 7, 2011 in Tarrant County.

whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel and admonish him in accordance with *Faretta* before proceeding with the adjudication hearing.

As noted above, the trial court provided written *Faretta* admonishments to Appellant in 2011 and Appellant waived his right to counsel, but he almost immediately reasserted his right to counsel and the court appointed an attorney to represent him. By retaining counsel to represent him in connection with the State's motion to adjudicate, Appellant continued to assert his right to counsel. Under these circumstances, I conclude that the trial court was required to repeat the *Faretta* admonishments at this new stage of the proceedings and determine whether Appellant was making a valid waiver of the right to counsel. Because the record does not affirmatively show that Appellant knowingly, voluntarily, and intelligently waived his right to counsel after being administered the *Faretta* warnings, I agree with the majority that Appellant's right to counsel was violated.


August 21, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)