# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00482-CR

---

**Elias Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-22-0932-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

I write separately to express my concern about the potentially coercive effect of the trial judge conditioning the admission of evidence on Villarreal's waiver of his Fifth Amendment right. The exchange occurred in Villarreal's presence immediately before he elected not to testify:

> DEFENSE COUNSEL: We had previously gone over rulings related to Mr. Villarreal's statements to officers after his arrest and after the alleged incident. Those rulings prohibited us from introducing his statements about wanting to be shot by officers that night and his continued statements in that regard throughout the encounter.
>
> My question to the Court is: Would that ruling still stand if Mr. Villarreal took the stand and testified in his own defense?
>
> THE COURT: Well, one of the things I hung my hat on was self-serving hearsay and, if he's on the stand, obviously that objection goes away.
>
> What's the State's position?

THE STATE:  Your Honor, we would raise the objection as to relevance and to being essentially more prejudicial than probative.  His—what he was doing at that time, if it was suicide by cop, doesn't go to mens rea of the specific offense and we don't think it's relevant.

THE COURT:  Well, in a sense it does.  I mean in a sense he's saying: Yeah, I went after you guys intentionally so you would shoot me.  I mean I think it does.  And actually in my mind it goes to your benefit and I would challenge Counsel to be careful.

DEFENSE COUNSEL:  Yes, sir.

THE COURT:  I think it is part of the mens rea.  And granted it was after and granted it could have been, as we've seen in other cases, where somebody goes: Oh, crud.  I've stepped into it now.  Now I know I'm going to prison.  Just shoot me.  Or it also could go to: Was that an intentional act to get shot?

I think it can be argued that it's dead on with the mens rea at the time.  And it's not during questioning and it is self-serving hearsay but, if you put him on the stand, you have full access to him and full opportunity to confront all of those issues.

And so I think, yeah, it changes my ruling if you're going to put him on the stand.  I think he gets to talk about—I mean how do you not talk about your mens rea and then not allow something that happened within minutes after it happened?

So, yeah . . . .  [M]y ruling goes away if you put your client on the stand.

The decision whether to testify ultimately belongs solely to the defendant, who has a constitutional right against self-incrimination.  *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005); U.S. Const. amend. V; *see* Tex. Const., art. I, § 10 (criminal defendant "shall not be compelled to give evidence against himself").  The Fourteenth Amendment "secures against state invasion . . . the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence." *Malloy v. Hogan*, 378 U.S. 1, 8 (1964).  "These Constitutional provisions are as broad as the mischief against which they seek to guard."  *Brown v. State*, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981).

2

In front of Villarreal, the trial judge explicitly made the admission of Villarreal's statements concerning his purported suicide-by-cop attempt contingent on his forfeiting his right against self-incrimination. Moreover, the trial judge also opined on the potential inculpatory effect of the evidence and reminded the State—still within Villarreal's hearing—that it would have "full access to him and full opportunity to confront all of those issues."

Applying judicial pressure to a defendant's decision whether to testify has the potential to infringe on the attorney-client relationship and taint any subsequent testimony with unconstitutional compulsion. *Cf. Carroll v. State*, 68 S.W.3d 250, 253 (Tex. App.—Fort Worth 2002, no pet.) (trial court's threat to look less favorably on defendant if she elected not to testify during punishment hearing "improperly coerced appellant into testifying"); *Henderson v. State*, 13 S.W.3d 107, 110 (Tex. App.—Texarkana 2000, no pet.) (trial court's "incorrect and misleading" statement that defendant had to answer prosecutor's questions if he wanted to testify compelled defendant to testify on State's behalf). Although I do not impute ill intent to the trial judge or go so far as to say that these consequences resulted in this case, the risk was unnecessary, and I am troubled by the judge's statements.

The circumstances of this case were somewhat complicated by the fact that defense counsel elicited the contingent ruling. Yet the Fifth Amendment right in question was Villarreal's, not his attorney's. And the trial judge did more than comment on the effect Villarreal's decision to testify would have on the court's evidentiary ruling. The judge prognosticated on possible detrimental consequences of the testimony and emphasized Villarreal's vulnerability to cross-examination.

I do not mean to say that these concerns should not have been expressed to Villarreal. Only that they should have come from his appointed counsel and not the trial judge,

3

from whom such pontifications must be feared to possess particular danger of influence and coercion.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Filed:   August 13, 2025

Do Not Publish

4