NO. 07-01-0431-CR


NO. 07-01-0432-CR


NO. 07-01-0433-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 9, 2002



______________________________




DERRICK L. SALTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 209TH DISTRICT COURT OF HARRIS COUNTY;



NOS. 815665, 815666, 815667; HONORABLE MICHAEL MCSPADDEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In this consolidated appeal, appellant Derrick L. Salter challenges three convictions
asserting a single point of error. He argues he was denied reasonably effective assistance
of counsel in violation of his Sixth Amendment constitutional right to such assistance. His
argument is based on his trial attorney's failure to object to the trial court's statements to
the jury panel regarding whether any sentences would run concurrently or consecutively. 
We affirm.

 A brief recitation of the facts of the underlying offenses is helpful to understand the
issue presented. In the early evening of December 31, 1998, David Bodden (Bodden) and
Beatriz Casas (Casas), coworkers at Ace Cash Express, were just leaving work when they
were approached by two masked and armed men. The men forced both employees into
Casas's car, drove away from the store and said they intended to rob the store. They
obtained a store key and safe combination from the victims and returned to the store. The
men threatened both employees with injury. 

 Bodden suggested that he enter the store and open the safe. Once inside, Bodden
locked the door and called the police. The men left with Casas, taking Bodden's car,
which contained his wallet and mobile phone. Casas was transferred to a station wagon,
where she was raped by one of the men while the other drove the car. She was released
naked in a field and made her way to a nearby house. Using telephone records for calls
made from Bodden's mobile phone that night and DNA evidence obtained from Casas,
police identified appellant, arrested him and charged him with aggravated robbery,
aggravated kidnapping, and aggravated sexual assault. 

 Appellant pled not guilty in each case and all three cases were tried jointly to a jury
in May 2001. The jury rejected the testimony of appellant's alibi witnesses and convicted
him of all three offenses. The jury assessed punishment at confinement for 40 years for
the sexual assault, 25 years for kidnapping, and 25 years for the robbery. The judgment
in each case recites that the sentence is to be served concurrently with any other
sentence. Appellant filed a timely notice of appeal and now asserts a single point of error
in challenge of each conviction. 

 Appellant's complaint is based on trial counsel's failure to object to the trial court's
response to a question from a member of the venire inquiring whether the sentences
imposed in each case would be cumulative or not. He argues this single error amounted
to ineffective assistance of counsel.

 The standard by which we are to review claims of ineffectiveness of trial counsel is
that set out in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was
ineffective, a claimant must establish two elements: 1) his counsel's performance was
deficient, and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S.
at 687. 

 The first component is met by showing that trial counsel made errors so significant
that he was not functioning as the counsel guaranteed by the Sixth Amendment to the
United States Constitution. Id. The second component necessitates a showing that
counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable. Id. A claimant must show that, but for counsel's errors, the result
of the proceeding would have been different. Id. at 694. A reasonable probability is one
sufficient to undermine confidence in the outcome. Id. When reviewing a claim of
ineffective assistance, we indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S. W.2d 768,
771 (Tex.Crim.App. 1994). The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Id. The
defendant asserting ineffective assistance must present a record with evidence of the
reason/reasons that the alleged ineffective assistance actions or omissions were not trial
strategy. The defendant must prove that counsel's errors, judged by the totality of the
representation and not by isolated instances of error or by only a portion of trial, denied
him a fair trial. Strickland, 466 U.S. at 695. 

 As noted above, during voir dire, a venire member asked whether any sentences
would be served consecutively or not. The prosecutor responded that it was not an issue
for the jury's consideration and should not be considered. The court also stated it was not
a factor to be considered by the jury and the issue would be decided by the court. No
objection was made to the response of the prosecutor or the court. During deliberations,
the jury sent out a note posing the same question. The court responded that it would make
that decision.

 Appellant now contends the responses provided during voir dire misstated the
applicable law set out in section 3.03 of the Penal Code, which requires sentences
imposed in joint trials to be served concurrently subject to specific exceptions. In support
he cites Haliburton v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979), which held it was not
an abuse of discretion for a court to instruct a jury that sentences in a joint trial would be
served concurrently. Id. at 729. We do not agree this holding supports appellant's
conclusion that the failure to give such an instruction is error. A footnote by Judge Clinton
in Gordon v. State, 633 S.W.2d 872 (Tex.Crim.App. 1982), offers support for withholding
such an instruction on the rationale that it is not a proper issue for the jury to consider. Id.
at 879, n.16. Under the applicable case law, we cannot agree that the failure to object was
deficient performance. 

 Moreover, appellant has failed to overcome the presumption that counsel's decision
not to object was sound trial strategy. By allowing the jury to believe the sentences may
be served sequentially, rather than concurrently, trial counsel may have felt that the jury
would be less likely to impose punishment near the maximum for each offense. While we
may not speculate as to the jury's mental process in reaching its verdict, trial counsel may,
and it is appellant's burden to show the decision could not be the result of sound trial
strategy. Appellant has failed to establish that trial counsel's performance was deficient. 
We need not consider the second prong of the test set out in Strickland. We overrule
appellant's sole issue and affirm the judgments of the trial court.


 John T. Boyd

 Chief Justice


Do not publish.



60; In July 2005, appellant, with the assistance of counsel, entered into a plea
agreement with the State by which appellant plead guilty to the offense of theft,


 and was
placed on deferred adjudication community supervision.


 In January 2007, the State filed
a motion to proceed with adjudication of guilt. Appellant was arrested on February 9 for
driving with a suspended license. On March 12, the State filed an amended motion to
proceed with adjudication of guilt, setting forth several violations by appellant of the terms
of his community supervision. The violations alleged included the February 9 offense and
use of cocaine and alcohol in February 2006, and included allegations appellant failed to
report, failed to pay restitution and fees and failed to complete community service. The
record contains a February 22 “order to appear” requiring appellant to appear on March 5
to “report on his attorney.” There is no reporter’s record of the March 5 appearance, but
the court’s docket sheet contains an entry stating that appellant appeared on that date, and
“states he does not want an attorney and wants to represent himself.” 
          A hearing on the amended motion to adjudicate guilt was conducted on March 26.
At the outset of the hearing, the following exchange occurred:
 
          Q. (By the Court)     Now, Mr. Castaneda, you wish to represent yourself in the
hearing on this matter. Is that correct?
          A. (Appellant)          Yes, Your Honor.
          Q.                            Do you understand that you will be bound by the same rules
that a lawyer would be bound by?
          A.                             Yes, Your Honor.
          Q.                            And you still wish to proceed?
          A.                             Yes, Your Honor. 
 
          Appellant then pled true to each of the allegations in the State’s motion and the
court proceeded to punishment, adjudicating appellant guilty and sentencing him to two
years in the State Jail Division of the Texas Department of Criminal Justice. This appeal
followed.



Analysis
          Via two points of error, appellant contends: (1) that he did not knowingly and
intelligently waive his right to counsel and thus, was denied his constitutional right to the
effective assistance of counsel; and (2) appellant was not made aware of the dangers and
disadvantages of representing himself to establish that his choice to represent himself was
made with “eyes open.” 
          The right to be represented by counsel at a criminal trial is a fundamental right
guaranteed by the Sixth Amendment to the United States Constitution. U.S. Const. amend.
VI, XIV; see Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562
(1975); see also Williams v. State, 252 S.W.3d 353, 355-56 (Tex.Crim.App.2008). The right
to counsel applies at a probation revocation hearing. Hatten v. State, 71 S.W.3d 332, 333
n.1 (Tex.Crim.App. 2002), citing Ruedas v. State, 586 S.W.2d 520 (Tex.Crim.App. 1979). 
The same right attaches in a hearing on a motion to proceed to final adjudication following
a deferred adjudication. Thompson v. State, 626 S.W.2d 750, 753 (Tex.Crim.App. 1981).
           The Sixth Amendment also contains the reciprocal right to self-representation, but
that right does not attach until it is clearly and unequivocably invoked by the defendant.
Faretta, 422 U.S. at 818-20; Williams, 252 S.W.3d at 356. When a defendant asserts the
right to represent himself, the trial court must admonish the defendant about the dangers
and disadvantages of self-representation. Faretta, 422 U.S. at 835 (upon invocation of the
right of self-representation, a defendant “should be made aware of the dangers and
disadvantages of self-representation, so that the record will establish that ‘he knows what
he is doing and his choice is made with his eyes open’”); see Tex. Code Crim. Proc. Ann.
art. 1.051(g) (Vernon Supp.2008) (stating that the court “shall advise the defendant of the
nature of the charges against [him] and, if the defendant is proceeding to trial, the dangers
and disadvantages of self-representation”). That a defendant represents to the trial court
he is informed of his right to counsel, and desires to waive it, does not end the court's
responsibility. Blankenship v. State, 673 S.W.2d 578, 583 (Tex.Crim.App.1984). Although
there is no formula for the required inquiry, the Court of Criminal Appeals has been explicit
that proper admonishments concerning pro se representation must appear on the record. 
See Goffney v. State, 843 S.W.2d 583, 584-85 (Tex.Crim.App.1992) (citing Blankenship,
673 S.W.2d at 583); see also Hatten, 71 S.W.3d at 334 (discussing Goffney).
          The Court of Criminal Appeals has stated the trial judge must inform a defendant
desiring to represent himself “that there are technical rules of evidence and procedure, and
he will not be granted any special consideration solely because he asserted his pro se
rights.” Williams, 252 S.W.3d at 356 (quoting Johnson v. State, 760 S.W.2d 277, 279
(Tex.Crim.App.1988)). Here, the trial court’s inquiry concerning appellant’s self-representation at the revocation hearing included that admonition. But it is the only
admonition that appears on the record. 
          As noted, the trial court brought appellant to the courtroom some three weeks
before the revocation hearing for the express purpose of inquiring into his representation
by counsel. It is clear to us from the record of the March 26 revocation hearing that the trial
court by then was familiar with appellant’s decision to represent himself. We are confident
the court conducted on March 5 the kind of “penetrating and comprehensive inquiry” into
appellant’s decision to represent himself that case law requires. Blankenship, 673 S.W.2d
at 583; Fulbright v. State, 41 S.W.3d 228, 234 (Tex.App.–Fort Worth 2001, pet. ref’d).
Unfortunately, we do not have a record of that hearing beyond the court’s docket sheet
entry.
          The State relies on the holding of Hatten, 71 S.W.3d at 334, distinguishing between
defendants who contest their guilt and those who appear without an attorney to plead guilty
or nolo contendere. But the Court of Criminal Appeals limited that holding to misdemeanor
defendants. Id. (“The requirements of Faretta are not invoked by a misdemeanor defendant
who waives his right to representation by counsel and does not contest his guilt”). We are
unable to find an instance in which the distinction has been applied to a felony conviction,
and we decline to extend the holding to appellant.
           Finding the record does not contain a showing appellant was admonished about
the dangers and disadvantages of self-representation before he undertook to represent
himself at the hearing on revocation and punishment, we sustain his second issue. Our
disposition of the second issue makes unnecessary our consideration of appellant’s first
issue. We reverse the trial court’s judgment as to punishment and remand for punishment
proceedings consistent with this opinion.



 
                                                                          James T. Campbell

                                                                                     Justice



Do not publish.