NO. 07-03-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 20, 2003

_____

MICHELLE ELIZABETH GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A-13511-9909; HON. JACK R. MILLER, PRESIDING
_____

Before QUINN, REAVIS, JJ. AND BOYD, S.J.

Michelle Elizabeth Gonzales (appellant) appeals from an order revoking her community supervision. She had originally been convicted of engaging in organized criminal activity via a plea bargain and plea of guilty. Pursuant to the plea agreement, she was sentenced to eight years imprisonment. However, the sentence was suspended, and appellant was placed on eight years probation. Subsequently, the State filed three separate motions to revoke probation at three separate times with the first two ending in appellant's probation being reinstated. However, on the third motion to revoke, appellant

pled true to all of the grounds supporting revocation except for two which involved appellant's alleged commission of a new offense and failing to report for three months. The trial court granted the motion, revoked appellant's probation, and sentenced her to five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely noticed her appeal, and counsel was appointed. Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of her rights to review the appellate record and file her own brief. So too did we inform appellant that any *pro se* response or brief she cared to file had to be filed by May 16, 2003. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed one potential area for appeal which concerned the court's decision to revoke her community supervision. However, counsel explained how "a plea of 'true' to any of the alleged violations is sufficient to support the trial court's order of revocation."

So too did we conduct an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record illustrated that no appeal was taken within 30 days from the date of appellant's guilty plea and conviction complaining of error occurring at that time; thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. *Manuel v. State*, 944 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Cooper v. State*, 45 S.W.3d 77, 83 (Tex.

2

Crim. App. 2001). Furthermore, finding that any one ground warranting revocation existed, the trial court was entitled to revoke appellant's community supervision. *Moore v. State*, 605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to all but two grounds contained in the motion to revoke. Standing alone, a plea of true is sufficient to support the trial court's order of revocation. *Hatten v. State*, 71 S.W.3d 332, 335 n.2 (Tex. Crim. App. 2002). Thus, the appellate record contained evidence supporting the decision to revoke probation. Furthermore, the punishment levied was within the range provided by statute.

However, we note that the judgment revoking appellant's probation included an allegation mentioned in the motion to revoke that was not supported by the record. The ground in question is that involving appellant's purported violation of the condition pertaining to the commission of a new offense. Appellant plead not true to it. Moreover, no evidence appears of record illustrating that it was violated. Simply put, appellant invoked her Fifth Amendment right against self-incrimination when she was asked about the allegation and opted not to discuss it. Nor did the State present evidence on the matter through other sources once appellant invoked her silence. Thus, the trial court erred in holding that she "ha[d] committed an offense against the law of this State." Nevertheless, the error is harmless given that she pled true to other grounds, and only one was needed to revoke probation.

Accordingly, we modify the judgment revoking probation by deleting from it the finding that appellant

has committed an offense against the law of this state; to wit: On or about

3

the 11th day of July, 2002, in the County of Hale, State of Texas, . . . Michelle Gonzalez . . . did then and there without effective consent of Stacy Griego, the owner thereof, intentionally or knowingly, break into or enter a vehicle, or part thereof, with intent to commit, and did commit theft . . . .

and affirm it as modified. *See Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App.1993) (holding that we have the authority to modify an incorrect judgment when the record permits us to do so); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.-Dallas 1991, pet. ref'd) (holding the same). Furthermore, we grant counsel's motion to withdraw.


Brian Quinn
Justice


Do not publish.

4