Thomas CLEMENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00106–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 24, 2001.

Decided Dec. 12, 2001.

Ebb B. Mobley, Attorney At Law, Longview, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Thomas Clement was convicted of sexual performance by a child pursuant to TEX. PEN.CODE ANN. § 43.25 (Vernon Supp. 2002). The offense involved a twelve-year-old girl. The jury sentenced Clement to twelve years' confinement. Clement does not challenge the sufficiency of the evidence, but in three points of error, he contends that he received ineffective assistance of counsel, that he was improperly admonished of the dangers of self-representation, and that the trial court erroneously denied his motion to suppress evidence. For the reasons stated below, we overrule all of Clement's points of error and affirm the judgment of the trial court.

We first address Clement's point contending that the trial court erroneously denied his motion to suppress evidence. Clement argues that the search warrant was based on a probable cause affidavit that contained a deliberate and material misrepresentation by the affiant. He further argues that once the allegedly false material is disregarded, the affidavit lacks sufficient allegations showing probable cause to support the issuance of the search warrant. Because Clement has failed to show that the alleged representation was intentionally or recklessly misleading, and because the alleged misrepresentation was immaterial to the determination of probable cause, we overrule this contention.

■ Whether the trial court erred in denying a motion to suppress depends on whether the court abused its discretion. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim.App.1997). Whether the court abused its discretion depends on whether its decision falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). We review the trial court's interpretation of law or application of law to fact *de novo*, and in making our determination, we defer to the trial court's findings of the historical facts. *Guzman v. State*, 955 S.W.2d at 89.

■ An affidavit in support of a search warrant must allege facts establishing probable cause for the affiant to believe that the suspected items will be found at the identified place. *See Massey v. State*, 933 S.W.2d 141, 148 (Tex.Crim.App. 1996). A search warrant may not be issued unless sufficient facts are presented to a magistrate that permit him to conclude that probable cause exists to issue the warrant. TEX.CODE CRIM. PROC. ANN. art. 18.01(b) (Vernon Supp.2002). These facts must be contained in a sworn affidavit accompanying the application for the warrant, and they must illustrate: 1) that a specific offense was committed, 2) that the specifically described property or items to be sought and seized constitute evidence of that offense or evidence that a particular person committed the offense, and 3) that the property or items in question are located at or on the particular person, place or thing to be searched. TEX.CODE CRIM. PROC. ANN. art. 18.01(b), (c) (Vernon Supp.2002). Whether the facts mentioned in an affidavit are adequate to establish probable cause depends on the totality of the circumstances. *Ramos v. State*, 934 S.W.2d 358, 362–63 (Tex.Crim. App.1996). The facts are sufficient when the circumstances justify a conclusion that the object of the search is probably on the described premises. *Ramos v. State*, 934 S.W.2d at 363. In other words, the magistrate must have before him sufficient facts from which he may conclude that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In reaching his decision, the magistrate may draw reasonable inferences from facts and circumstances alleged in the affidavit before him. *Ramos v. State*, 934 S.W.2d at 363. It is our duty to ensure that the magistrate had a substantial basis for finding probable cause. *Id.*, 462 U.S. at 238–39, 103 S.Ct. 2317. Clement's argument is based on the fifth of six paragraphs in the affidavit submitted by Officer Jon Warren in support of the search warrant. In his affidavit Warren said in relevant part that:

2. I am personally involved in the investigation of child pornography at First Techworld, also known as Cyber Café, located at 914 W[.] Tyler[,] Gilmer, TX.

3. On 6–25–99, I interviewed two employees of First Techworld, also known as Cyber Café, in reference to this offense. They provided me with written statements and a computer disk with details to support the offense of child pornography.

4. The computer disk provided by employees depicts photographs of a child under the age of 18 years of age at the time the image of the child was made who is engaging in sexual conduct. Both employees stated that, on 6–23–99, they discovered photos while attempting to download a game to a disk from a computer located at the place of business. Downloading was unsuccessful due to the disk being full with files already. Employees recognized the child depicted on the

disk to be that of one present at the business the night before.

5. I received a written statement from an accomplice in this offense that the owner of First Techworld, also known as Cyber Café, has stored disk containing pornography in a safe located inside the business.

The trial court held a pretrial hearing on Clement's motion to suppress. Evidence at the hearing showed that the warrant was issued at 10:25 p.m. on June 25, 1999, and the statement of the accomplice referred to in paragraph five, Michelle Scott, was not signed until after 11:15 p.m. that evening. The record shows that Scott began giving her written statement at 9:50 p.m. and that Warren had been told what Scott would be including in her written statement, but did not have the final written statement in hand at the time the affidavit was submitted to the magistrate. The evidence conflicts as to whether Warren had received some type of preliminary written statement before filing the affidavit.[1] Clement argues that this shows there was an untrue statement in the affidavit, that it was made deliberately or with reckless disregard for the truth, and that the search warrant should therefore be invalidated under the holding in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ In *Franks,* the Supreme Court held that if a defendant established by a preponderance of the evidence that a false statement made knowingly, intentionally, or with reckless disregard for the truth was included in a probable-cause affidavit, and if it was material to establish probable cause, the false information must be excised from the affidavit. *Id.,* 438 U.S. at 156, 98 S.Ct. 2674. If the abridged affidavit is insufficient to establish probable cause, the warrant must be voided and its fruits excluded from evidence. Truthful in this context does not mean letter-perfect, but rather that the information put forth in the affidavit is believed or appropriately accepted by the affiant as true. *Id.* at 164–65, 98 S.Ct. 2674.

In *Janecka v. State,* the defendant argued for suppression because the affiant had fabricated the existence of a male confidential informant and attributed information to him. *Janecka v. State,* 937 S.W.2d 456, 463 (Tex.Crim.App.1996). The affiant testified that he had obscured the female informant's identity and gender because she had received death threats. The court held that a fabrication intended solely to obscure the identity of an informant for his or her protection is not the type of misrepresentation that offends the Fourth Amendment. The court further explained that the substantive information necessary to establish probable cause was unaffected by the misstatement about the source of that information.

■ In this case, Clement did not meet his burden to establish by a preponderance of the evidence that there was an intentional, knowing, or reckless misrepresentation of fact in the affidavit. *See Franks v. Delaware,* 438 U.S. at 156, 98 S.Ct. 2674. There was conflicting evidence on exactly what information Warren had before him when making the probable-cause affidavit. At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Guzman v. State,* 955 S.W.2d at 89. The trial court was free to believe or

---

1. At the hearing on the motion to suppress, Warren testified that he had received a written statement, but that it was incomplete. He later testified that the incomplete statement referred to was the same one Scott completed at 11:15 p.m., and that he had received an oral statement from another officer attesting to Scott's written statement.

reject any or all conflicting evidence. That determination must be given appropriate deference. *See id.; Janecka v. State*, 937 S.W.2d at 463. The trial court made no specific findings of fact, but simply denied Clement's motion to suppress. There is sufficient evidence in the record to support the decision of the trial court. Without more, we cannot say that the trial judge abused her discretion.

Even if he had met his burden on the misrepresentation prong, Clement could not prevail on this issue. The veracity of the information crucial to establish probable cause in this case was not affected by the alleged false statement. Whether Warren received the statement in written or verbal form is immaterial. The information attributed to the informant—that the owner of First Techworld, also known as Cyber Café, had stored disk containing pornography in a safe located inside the business-was unaltered, as was borne out by the written statement Scott provided. Furthermore, the statement was explicitly attributed to an accomplice, so any issue of source reliability was before the magistrate when making the probable cause determination. Because the crucial information was in fact true, and because the alleged fabrication complained of was not material to establishing probable cause, there was no *Franks* violation. *See Janecka v. State*, 937 S.W.2d at 463. We note further that even if paragraph five was completely excluded, probable cause would still be sufficiently shown on the basis of the remaining paragraphs of the affidavit.

■ Clement also contends that the trial court failed to properly warn him of the dangers of self-representation and that as a result, he failed to adequately appreciate those dangers. From a review of the

record, we find that Clement was frequently, adequately, and sufficiently warned of the risks involved in proceeding pro se, and that he knowingly and intelligently chose to represent himself.

■ The Sixth Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution guarantee a defendant in a criminal trial the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Although the right to counsel may not be forfeited, it may be waived as long as an affirmative waiver is made knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Oliver v. State*, 872 S.W.2d 713, 715 (Tex.Crim. App.1994). In order for this decision to be made knowingly and intelligently, the defendant must be given a full understanding of the right to counsel, and he must be admonished about the dangers and disadvantages of self-representation. *Collier v. State*, 959 S.W.2d 621, 626 (Tex.Crim.App. 1997) (citing *Faretta v. California*, 422 U.S. at 834–36, 95 S.Ct. 2525). The admonishment must be on the record. *Henderson v. State*, 13 S.W.3d 107, 109 (Tex.App.—Texarkana 2000, no pet.).

Clement initially retained David B. Griffith as his counsel. Griffith filed a detailed discovery motion and a motion electing to have the jury set punishment. On March 17, after a hearing, the trial court granted Griffith's motion to withdraw as attorney of record.[2] On the morning of March 31, Clement filed a motion to suppress and his own waiver of right to counsel. A pretrial hearing had also been scheduled for March 31. Clement attempted to argue his suppression motion, but because a copy had not been served on the State, the court

2. The record does not contain a copy of the motion to withdraw, but does indicate that Clement fired Griffith and refused to accept the appointment of any lawyer from the Gilmer area.

decided to reschedule the hearing on that issue and requested that both parties return on April 3. Before dismissing him on March 31, the court admonished Clement as follows:

The Court: ... over the weekend I want you to be thinking very very seriously about your choice to represent yourself. You're going to be severely handicapped because you won't know the rules and you've got to follow the rules ... in introducing evidence ... or objecting to evidence ... without training in evidence and that sort of thing it would leave anybody at a disadvantage.

Mr. Clement: Yes, ma'am.

The Court: There are plenty of good lawyers and there's good lawyers in Upshur County. I read your motion desiring—

Mr. Clement: I'm aware of that. I'm just a little gun-shy based on some things and I would be happy to discuss those things with you.

The Court: Well, what I would rather you do is some serious soul searching this weekend because if you come back here on Monday and tell me that, you know, you've thought about it and you would like to hire a lawyer, then I would encourage you to go do that that day and we could work at setting your case at the time when they've had time to prepare. I don't want to see you go through a trial representing yourself especially based on the reasons that you stated in your motion. I'm afraid that it would work seriously to your disadvantage and I want you to really think about it this weekend before we have a formal hearing and we discuss this matter and go over your rights on Monday afternoon.

Mr. Clement: I will, Your Honor.

On Monday, April 3, Clement appeared at the hearing pro se. The court reiterated the discussion that had occurred at the previous hearing.

The Court: ... March 31st, 2000 you informed the Court of your intentions to waive your right to counsel—

Mr. Clement: Yes, ma'am.

The Court:—and your desire to represent yourself pro se, correct?

Mr. Clement: Yes, ma'am.

The Court: At that time, I strongly encouraged you to reconsider that decision over the weekend.

Mr. Clement: Yes, ma'am

The Court: And to come back here this afternoon with an attorney.

Mr. Clement: Yes, ma'am.

. . . .

The Court: ... you're not telling the Court that you're indigent and cannot afford an attorney.

Mr. Clement: No, ma'am, I'm not telling the court that I'm indigent and cannot afford an attorney.

The Court: ... you are not indigent.

Mr. Clement: No, ma'am.

The court then explained which charge was going to trial on April 17 (there were two indictments pending against Clement at the time). Clement explained that he would try to hire counsel, but continued to express reservations. The court then decided to fully admonish Clement:

You also must be aware in the event that you do end up representing yourself of the extreme disadvantages which might face you if you were to choose to do that. There are many technical rules of evidence and procedure that you would need to follow and you would not be granted any special considerations because you've asserted to represent yourself pro se. You would be under

the same rules and guidelines that an attorney in your position would be, okay? There are rules regarding evidence and you must know how to introduce the evidence and what evidence is appropriate and proper, how to get that—those matters into evidence as well as if you had any objections to any evidence that the state was entering or offering, you would need to know how to make those objections and with regard to objections you would need to know what a legal objection is, how to make that and the grounds for that objection. You would also need to know how to respond to the objections made by the state, okay? There are certain motions, and you need to be aware of this, that are required to be made or else they are waived and you would lose certain rights if motions are not made. You must have an understanding of the voir dire process and procedure and what that involves and what is proper and appropriate in a voir dire examination of a jury panel. You would need to know how to examine a witness, both the witness that you call as well as cross-examining witnesses if you choose to do that . . .

Obviously if you're representing yourself, no one will be allowed to assist you . . . [m]eaning that you would be in that seat all alone, with no co-counsel . . . There are certain rights that a non-lawyer might not be able to accomplish . . . [these are] some but not necessarily all of the disadvantages of representing yourself pro se. You have no right to stand by counsel. As a result of everything that I've just gone over with you, you might be disadvantaged both at trial and also with regard to any appeal that might follow your jury trial.

At this point, the court made an inquiry into Clement's background, including his age (thirty-nine), education level (college graduate), lack of any history of mental or psychological problems (none), and work history (no legal training, worked since 1994 as a computer systems product developer/engineer/designer). The court then read the statutory waiver to Clement, and he responded that he understood. *See* Tex.Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp.2002). On April 17, the day trial began, Clement signed the waiver of representation of counsel form and the court read the form into the record.

Clement's argument essentially posits that despite his knowing and intelligent waiver of counsel, and despite his own insistence on proceeding pro se in the face of repeated warnings against doing so, the trial court erred because it did not discern that Clement subjectively "failed to fully appreciate the dangers of self-representation." Clement cites no authority for this position and makes no argument for what "fully appreciating the dangers of self-representation" means, nor does he argue for an expansion of the current requirements. The trial court's admonishments exceeded both in scope and frequency the requirements of Article 1.051. The law does not require more.

■■■ Clement also asserts that he received ineffective assistance of counsel because his counsel did not file a timely application for probation (now community supervision). Clement argues that the failure to file such a motion amounts to per se ineffective assistance of counsel. Texas recognizes no such per se rule of ineffective assistance under the circumstances presented. Because the attorney alleged to have committed ineffective assistance withdrew with the court's approval one month before trial, and because the application for community supervision may be filed at any time before trial, Clement has failed to demonstrate ineffective assistance of counsel.

To prevail on his claim of ineffective assistance, Clement must demonstrate that his attorney's representation fell below a reasonable standard of effectiveness and that the deficient performance was so serious that it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McFarland v. State*, 845 S.W.2d 824, 842 (Tex.Crim.App.1992). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Burruss v. State*, 20 S.W.3d 179, 186 (Tex.App.—Texarkana 2000, pet. ref'd). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.

Clement's retained counsel filed various pretrial motions, including a discovery motion and an election for the jury to assess punishment. The record shows that Clement's relationship with his counsel deteriorated to the point that Clement dismissed him sometime in February 2000. Counsel filed a motion to withdraw and served a copy on Clement on March 10. The trial court granted the motion on March 17, one full month before trial.

Clement filed and argued his own motion to proceed pro se before the trial court on March 31. The same day, Clement also filed a motion to suppress that was heard before jury selection on April 17. A defendant is eligible for jury-recommended community supervision provided he files a written sworn motion stating his eligibility with the trial court before the trial begins. Tex.Code Crim. Proc. Ann. art. 42.12 § 4(e) (Vernon Supp.2002). There is no requirement that this motion be filed any earlier than the day of trial. Clement did not file a sworn motion of eligibility for community supervision.

Clement had ample opportunity to file his motion of eligibility for community supervision, and he could have done so any time after March 17, up to and including the morning trial began. He did not do so. Indeed, the record indicates that Clement did not want to apply for community supervision and made a deliberate decision not to do so. At the voir dire of the jury, the court and the prosecutor stated that no application for community supervision had been filed. The prosecutor then asked Clement if he filed an application for community supervision, and Clement answered "no." Before being permitted to proceed pro se, the trial court sternly admonished Clement that his rights could be restricted by the failure to file motions that were required before trial began. Clement has failed to demonstrate any error, because the lawyer he dismissed in February withdrew as attorney of record a full month before trial, well before an application for community supervision was necessary. Any subsequent counsel would have been in a position to file the application, including Clement, acting pro se. There is no error in not filing a motion in the trial court a month before it is due. Clement has thus failed to make the requisite showing of deficient performance. *See Burruss v. State*, 20 S.W.3d at 186.

Under *Strickland*, Clement is required to show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Once again, this burden is on the defendant. Clement offers no argument in his brief that the failure to file an application for community supervision in February or March might have adversely affected his sentence.[3] He has therefore

---

**3.** We further note that, because he was sen-

tenced to twelve years' imprisonment, Clem-

also failed to make a showing of prejudice. *See Burruss v. State,* 20 S.W.3d at 186.

Because we have overruled all of Clement's points of error, we affirm the trial court's judgment.

ent was ineligible for community supervision. *See* Tex.Code Crim. Proc. Ann art 42.12 § 4(d)(1) (Vernon Supp.2002). Thus, even if he had been represented by counsel, it is not clear that he could have shown the requisite harm to successfully argue ineffective assistance of counsel.