In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-163 CR


NO. 09-04-164 CR


____________________



STEVEN D. MANNAHAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 89826, 89827 






MEMORANDUM OPINION


 In cause number 89827 (No. 09-04-00164 on appeal), Steven D. Mannahan was
convicted by a jury of burglary of a building, sentenced to twenty years' confinement in the
Texas Department of Criminal Justice, Institutional Division, and fined $2,000. In cause
number 89826 (No. 09-04-00163 on appeal), a jury convicted Mannahan of a second offense
of burglary of building and sentenced him to fifteen years' confinement in the Texas
Department of Criminal Justice, Institutional Division. After the instant appeal was
perfected, appellate counsel filed a brief in both causes in compliance with Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978), concluding there was not arguable error to support an
appeal. Mannahan filed a single pro se brief for both causes, raising nine points of error.

 In his first point of error, Mannahan complains the indictments were illegally amended
when the State abandoned two counts alleging prior convictions to be used for enhancement
purposes. Abandonment of enhancement allegations does not constitute an amendment to
the substance of an indictment. See Mayfield v. State, 117 S.W.3d 475, 476 (Tex. App.--Texarkana 2003, pet. ref'd). Point of error one is overruled.

 Point of error two asserts the prior convictions in cause numbers 16184 and 16185,
alleged to be felonies for enhancement purposes, were actually misdemeanor convictions. 
The conviction in cause 16185 was for burglary of a vehicle, which at the time of offense
was a third degree felony. See Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.
Gen. Laws 883, 927 (amended 1993, 1999) (current version at Tex. Pen. Code Ann. § 30.04
(Vernon 2003)). The conviction in cause 16185 was for forgery by utterance. At the time
of offense, it was either a Class A misdemeanor, third degree felony, or second degree
felony, depending upon what the writing purported to be. See Act of May 23, 1973, 63rd
Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 935 (amended 1991, 1993, 1997, 2003)
(current version at Tex. Pen. Code Ann. §32.21 (Vernon 2003 & Supp. 2005)). The
penitentiary packets introduced into evidence for each of these causes reflect a conviction
for a third degree felony. Nothing in the record would allow this court to find the convictions
in cause numbers 16184 and 16185 were misdemeanors rather than third degree felonies. 
Point of error two is overruled.

 In point of error three, Mannahan claims his right to a speedy trial was violated. As
to cause 89826, the record does not reflect Mannahan ever asserted his right. Regarding
cause 89827, the record reflects Mannahan did assert his right, but on the day of trial and
pursuant to article 32A.02, section 4, of the Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 32A.02 (Vernon 1989). The Texas Speedy Trial Act has been
declared unconstitutional. See Meshell v. State, 739 S.W.2d 246, 257 (Tex. Crim. App.
1987). 

 We consider four factors in determining whether a defendant's federal constitutional
right to a speedy trial has been violated: (1) length of the delay; (2) reasons for the delay;
(3) assertion of the right; and (4) prejudice to the defendant resulting from the delay. State
v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999) (citing Barker v. Wingo, 407 U.S.
514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The length of delay is a "triggering
mechanism" for consideration of the other Barker factors and unless the delay is
presumptively prejudicial, we need not inquire into the other factors. Id. Generally, Texas
courts have found a delay beyond eight months to be presumptively prejudicial. State v.
Rangel, 980 S.W.2d 840, 843 (Tex. App.--San Antonio 1998, no pet.). 

 Here, Mannahan was arrested and indicted on August 7, 2003, and went to trial on
March 15, 2004. We do not deem a seven-month delay to be unreasonable enough to trigger
the Barker inquiry. See Ervin v. State, 125 S.W.3d 542, 546 (Tex. App.--Houston [1st Dist.]
2002, no pet.). See also Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). Point
of error three is overruled.

 Mannahan contends in point of error four his confession was involuntary. The basis
of his contention appears to be that at the time the statement was made he was in custody and
under the influence of medication and alcohol. The record reflects the trial court conducted
a hearing on the issue. See Jackson v. Denno, 378 U.S. 368, 377, 84 S.Ct. 1774, 12 L.Ed.2d
908 (1964); Dewberry v. State, 4 S.W.3d 735, 747 (Tex. Crim. App. 1999). The trial court
agreed that Mannahan was in custody when the statement was made but found the warning
given by Detective Boaz pursuant to Article 38.22 was sufficient to put Mannahan on notice
of his rights. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). Mannahan does not
argue the warning was insufficient. Further, the trial court found Mannahan's ability to recall
clearly the events of that day to be a strong indication that his ingestion of medication and/or
alcohol did not substantially impair his mental faculties. Mannahan makes no argument to
the contrary. Accordingly, we find Mannahan has not demonstrated the trial court abused
its discretion. Point of error four is overruled.

 In point of error five, Mannahan complains he was allowed to represent himself in
cause 89827. Mannahan claims the waiver of right to counsel was not knowing, intelligent
and voluntary. However, the record reflects Mannahan was informed of the dangers and
disadvantages of self-representation. See Collier v. State, 959 S.W.2d 621, 626 (Tex. Crim.
App.1997) (citing Faretta v. California, 422 U.S. 806, 834-36, 95 S.Ct. 2525, 45 L.Ed.2d
562 (1975)). Essentially, Mannahan argues that despite the admonishments, the trial court
erred because it did not discern that he subjectively failed to understand the proceedings. 
Mannahan cites no authority for his position nor does he argue for an expansion of the
current requirements. The law does not require the trial court's admonishments to exceed
the requirements of Article 1.051. Clement v. State, 64 S.W.3d 588, 595 (Tex. App.--Texarkana 2001, pet. ref'd). See also Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon
2005). Point of error five is overruled.

 In point of error six, Mannahan argues he was coerced into accepting counsel in cause
89826 and counsel was ineffective. The only deficiency in counsel's performance that
Mannahan identifies is counsel's repeated attempts to persuade him to accept a plea bargain. 
The State offered fifteen years, for each cause, with sentences to run concurrently. 
Considering the sentences Mannahan received, we cannot say counsel's performance was
deficient. Point of error six is overruled.

 Mannahan's seventh point of error asserts the evidence is insufficient to establish he
entered "with intent" to commit a theft. See Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon
2003). However, Mannahan was charged with entering a building and committing theft. See
Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). Point of error seven is overruled.

 In point of error eight, Mannahan mistakenly relies upon Article, 1, Section 10, of the
Texas Constitution to contend the grand jury lacked jurisdiction to issue the indictments
against him. See Tex. Const. art. I, § 10. The constitution provides an indictment is
required for a felony offense, which Mannahan was charged with in both causes. Point of
error eight is overruled.

 Mannahan's final point of error claims the trial court erred in denying his motion for
continuance in cause 89827. Mannahan moved for continuance after the trial court allowed
him to represent himself, which occurred after trial began. "A continuance or postponement
may be granted on the motion of the State or defendant after the trial has begun, when it is
made to appear to the satisfaction of the court that by some unexpected occurrence since the
trial began, which no reasonable diligence could have anticipated, the applicant is so taken
by surprise that a fair trial cannot be had." Tex. Code Crim. Proc. Ann. art. 29.13 (Vernon
1989). We cannot say Mannahan was taken by surprise by his own decision to waive his
right to counsel. Accordingly, we find the trial court did not abuse its discretion in denying
the motion. Point of error nine is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________________

 CHARLES KREGER

 Justice


Submitted on August 10, 2005 

Opinion Delivered August 24, 2005

Do not publish 


Before Gaultney, Kreger, and Horton, JJ.