

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00105-CR
_____

LANI LAIRD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 16-06-0453-CR

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Lani Laird pled no contest to and was found guilty of driving while intoxicated (DWI) with a blood-alcohol concentration of 0.15 or more, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.09(d) (West Supp. 2016). Pursuant to her negotiated plea bargain agreement, Laird was sentenced to three days in the Rusk County Jail.

On appeal, Laird argues that the trial court should have granted her motion to suppress evidence obtained from a search warrant for blood. Specifically, Laird contends that the affidavit contained a false statement that was made knowingly and intentionally, or with reckless disregard for the truth. Consequently, she argues, if the false statement is omitted from the supporting affidavit, the remaining allegations in the affidavit fail to demonstrate probable cause that evidence of intoxication would be found in her blood. Yet, the trial court impliedly found that Laird did not meet her burden of proving that a false statement was made knowingly and intentionally, or with reckless disregard for the truth, and Laird does not challenge that finding on appeal. As a result, omission of the statement was not required. Thus, the point of error on appeal, which argues only that the supporting affidavit was insufficient to support the magistrate's probable cause determination *if* the false statement is removed, is moot.

In her last point, Laird argues that the evidence was legally insufficient to support her DWI conviction. Because Laird entered into a negotiated plea bargain agreement that was executed by all parties, and the trial court's certification of the right to appeal does not permit her to challenge the sufficiency of the evidence, we are without jurisdiction to decide Laird's last point of error. Accordingly, we affirm the trial court's judgment.

## I.     Factual Background

Laird filed a motion to suppress, which argued (1) that the affidavit supporting the warrant for a blood draw contained a false statement and (2) that, absent the false statement, the remaining portions of the affidavit were insufficient to establish probable cause.  During the suppression hearing, Dustin Nichols, a trooper with the Texas Department of Public Safety, testified that he arrested Laird for DWI after she was involved in a car accident.  In order to obtain a specimen of Laird's blood, Nichols executed an affidavit for a search warrant authorized by a local magistrate.  We examine the affidavit at issue in detail.

In paragraph four of the affidavit form, Nichols swore that Laird had operated a motor vehicle in a public place in Rusk County while intoxicated.  In paragraph five, Nichols was to identify which of three factual scenarios he was relying on to demonstrate that Laird was operating a motor vehicle in a public place:  Option A was to be checked if an officer observed the suspect driving the motor vehicle; Option B was to be checked if the suspect admitted that she was driving the motor vehicle, and Option C was to be checked if a witness informed that officer that the suspect was seen operating the motor vehicle.  Nichols checked the first box, indicating that he had seen Laird operating the motor vehicle.

In paragraph six of the affidavit, Nichols swore that he smelled a strong odor of alcohol on Laird's person and observed, "glassy & red" eyes, slurred speech, and unsteady balance.  In paragraph eight, Nichols described additional facts that led him to believe that Laird was intoxicated while operating a motor vehicle, including that she was "involved in a crash," had the strong odor of alcohol on her breath, "showed all clues" of intoxication on both the horizontal and

3

vertical gaze nystagmus tests, and refused to perform the walk-and-turn and one-leg-stand test. The standardized field sobriety scoring sheet, which was incorporated into the affidavit, reflected Laird's performance on the Horizontal Gaze Nystagmus Test, reflected her refusal to take other field sobriety tests, and also contained Nichols' belief that Laird was intoxicated due to alcohol.

At the suppression hearing, Laird argued that Nichols checked the wrong option in paragraph five of the affidavit form. Nichols admitted that he had not actually seen Laird operating a vehicle and that he had mistakenly checked the box on the form indicating that he had done so. Nichols, who had arrived at the scene after the accident, explained his "careless mistake" as follows:

> Typically these are filled out on arrests made when we make an initial traffic stop, not at one out of a crash. And honestly we do -- I did this whenever I got to the hospital; filled it out. And I had been listening to Ms. Laird, and I just kind of got a little ahead of myself and got going a little too quick, and I didn't read each one of the deals -- each one of the individual phrases there.

During the hearing, Laird argued that the case of *Franks v. Delaware*, 438 U.S. 154 (1978), required the trial court to omit paragraph five of the affidavit because it was false. When the State attempted to introduce evidence that Nichols checked the box because he knew that Laird was the only person in the vehicle when it crashed, an option not presented in paragraph five, Laird objected to the State's introduction of any evidence outside of the four-corners of the affidavit, and she argued that the remaining portion of the affidavit was insufficient to support a magistrate's determination of probable cause. Ultimately, the trial court denied Laird's suppression motion, without issuing any findings of fact or conclusions of law.

4

## II.    Laird's First Point of Error is Moot

While Laird's appellate brief does not mention *Franks*, it asks this Court to set aside paragraph five of the affidavit.  This remedy is available only if a *Franks'* violation is established.  "Under *Franks*, a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled by the Fourth Amendment to a hearing, on the defendant's request." *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007) (citing *Franks*, 438 U.S. at 155–56).

Because there is a presumption of validity with respect to an affidavit supporting the search warrant, "[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory." *Franks*, 438 U.S. at 171.  The United States Supreme Court has explained what is required to obtain an evidentiary hearing:

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.  On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.  Whether he will prevail at that hearing is, of course, another issue.

*Id.* at 171–72.

Laird's suppression motion alleged:

> The warrant was illegally issued for the reason that the supporting affidavit does not reflect sufficient probable cause to justify the issuance of a search warrant, in that: (1) the affidavit contains false and incorrect information that affiant, Trooper Dustin Nichols, observed Defendant operating a motor vehicle in a public place;
>
> . . . .
>
> The search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth.

These assertions were not supported by an offer of proof, as required by *Franks* to obtain a hearing. *Id.*; *see Harris*, 227 S.W.3d at 85 ("specific allegations and evidence must be apparent in the pleadings in order for a trial court to even entertain a *Franks* proceeding"). Nevertheless, at the hearing, Laird was required to "establish[] the allegation of perjury or reckless disregard by a preponderance of the evidence" before the trial court was required to set the factually inaccurate material aside.[1] *Harris*, 227 S.W.3d at 85.

The trial court's summary denial of the suppression motion did not explain its reasoning. On appeal, Laird does not argue that she met her burden under *Franks*. Yet, because Laird seeks to exclude paragraph five of the affidavit—relief only available under *Franks*—we must address the issue.

When the trial court does not file findings of fact, we should assume that the trial court made implicit findings that support its ruling, so long as those implied findings are supported by

---

[1]"If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided and the evidence resulting from that search excluded." *Franks*, 438 U.S. at 171–72.

the record. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *see Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

We begin by implying a finding that Laird failed to meet her burden of showing deliberate falsity or reckless disregard for the truth. We review the trial court's implied finding under a mixed standard of review.[2] *State v. Verde*, 432 S.W.3d 475, 481 (Tex. App.—Texarkana 2014, pet. ref'd). "At a *Franks* hearing, the trial court is owed great deference as sole fact-finder and judge of the witnesses' credibility." *Clement v. State*, 64 S.W.3d 588, 592–93 (Tex. App.—Texarkana 2001, pet. ref'd).

Here, Nichols testified that the particular affidavit form he filled out was typically used in the context of a traffic stop. Nichols was only presented with three options in paragraph five of the affidavit which made sense in the context of a traffic stop. The second and third options required either Laird's admission that she was the driver of the vehicle, or a witness' statement that Laird was the driver. Possibly because Laird was involved in a crash, Nichols chose the first option, which was that he had personally observed her operating the vehicle. While this statement

---

[2]"We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor while we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor." *Verde*, 432 S.W.3d at 481 (quoting *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002)).

was factually inaccurate, the trial court heard testimony that Nichols had just made a careless mistake.[3]

In this circumstance, while the statement was factually inaccurate, the trial court, as the fact-finder, was free to exercise its discretion in concluding that Laird did not establish that Nichols made the assertion intentionally, knowingly, or with reckless disregard for the truth by a preponderance of the evidence. Nichols testified that he made a mistake, and Laird offered no proof to refute that testimony. Further, the trial court heard that Nichols was only presented with three options on a form typically used in DWI traffic stops. Because Nichols arrived on the scene after the accident, the court could have decided that Nichols chose the most applicable option, though he was mistaken in doing so. In either case, innocent mistakes or even negligence are not sufficient to support a *Franks* claim. *See Franks*, 438 U.S. at 155–56; *Dancy v. State*, 728 S.W.2d 772, 783 (Tex. Crim. App. 1987) ("A misstatement in an affidavit that is merely the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, will not render invalid the warrant based on it."); *Ramsey v. State*, 579 S.W.2d 920, 921 (Tex. Crim. App. 1979).

Because the trial court did not err in impliedly rejecting Laird's *Franks* claim, Laird is not entitled to the remedy provided by *Franks*, which would require setting aside paragraph five in determining whether the affidavit was sufficient to establish probable cause. Yet, Laird's argument on appeal is that, if paragraph five is set aside, the magistrate did not have sufficient information to make a probable cause determination. She does not argue that the entire affidavit,

---

[3]When the State attempted to question Nichols as to why he may have checked the first box, Laird objected and argued that the trial court could not consider evidence outside of the four corners of the affidavit. The trial court sustained the objection.

8

including paragraph five, was insufficient.  Accordingly, our finding that paragraph five was not required to be set aside moots Laird's first point of error on appeal.

### III.    We Lack Jurisdiction Over Laird's Second Issue on Appeal

Laird argues that the evidence was insufficient to establish her guilt.  The State argues that we lack jurisdiction over this issue.  We agree.

It is undisputed that Laird and the State entered into a plea bargain agreement, that all parties performed under the agreement, and that the trial court approved the agreement and sentenced Laird accordingly.  The Texas Rules of Appellate Procedure provide,

> In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only:
> (A)    those matters that were raised by written motion filed and ruled on before trial, or
> (B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2.  The trial court's certification of Laird's right to appeal only granted Laird permission to appeal matters raised by written motion filed and ruled on before trial.  Laird did not have permission to appeal the legal sufficiency of the evidence.  Accordingly, we lack jurisdiction over Laird's second point of error.  *See* TEX. R. APP. P.  25.2(d).

9

**IV. Conclusion**

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     October 26, 2017
Date Decided:       October 31, 2017

Do Not Publish

10